IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**                                                                                       **PLAINTIFF**

**VS.**                                                                            **CIVIL ACTION: 1:80cv450-LG-RHW**

**717.42 ACRES OF LAND, PETIT BOIS, INC.,** *et al.*                                         **DEFENDANTS**

## REPORT AND RECOMMENDATION

Before the Court are the Motion for Disbursement of Funds [28] and Supplemental Motion for Disbursement of Funds [29] filed by Rosemary B. Deutsch on April 1, 2015 and April 28, 2015, respectively. By order [31] entered May 8, 2015, the motions were referred to the undersigned for hearing. On May 19, 2015, the undersigned entered notice setting the matter for in-person hearing on June 25, 2015. The docket reflects that the clerk mailed the notice of the hearing to all defendants with addresses on the docket who did not receive electronic notification of the hearing setting. Appearing for the hearing were counsel/representatives of the United States of America, John Stocks, Petit Bois, Inc., and Rosemary Deutsch.

On February 10, 1984, the Court entered an order wherein certain funds in the name of Rhea Loeb Goldberg and A. Brunswick Goldberg were deposited into the registry of the Court in this action. At the hearing on June 25, 2015, the undersigned heard testimony from David J. McMahon and received official documentary evidence of the successions and judgments of possession of Abraham Brunswick Goldberg, Rhea Loeb Goldberg Deutsch, Eberhard Paul Deutsch and Brunswick Goldberg Deutsch. Based upon the sworn testimony and documentary evidence received, the undersigned finds the following facts:

Abraham Goldberg and Rhea Loeb Goldberg were married, and had one child, a son named Abraham Brunswick Goldberg.

Abraham Goldberg died leaving as his sole legatees and forced heir, his widow Rhea Loeb Goldberg, and son Abraham Brunswick Goldberg.

Rhea Loeb Goldberg married Eberhard P. Deutsch.

Eberhard P. Deutsch adopted Abraham Brunswick Goldberg, and the child took the name Brunswick Goldberg Deutsch.

Rhea Loeb Goldberg Deutsch died leaving as sole legatees her husband Eberhard P. Deutsch and son Brunswick Goldberg Deutsch.

Eberhard P. Deutsch died leaving as sole legatee Brunswick Goldberg Deutsch.

Brunswick Goldberg Deutsch died leaving as his sole legatee Rosemary B. Deutsch, the claimant in this case.

Rosemary B. Deutsch is the sole surviving heir of Rhea Loeb Goldberg and A. Brunswick Goldberg and is entitled to all of the funds remaining on deposit for this case which were deposited in the names of Rhea Loeb Goldberg and A. Brunswick Goldberg and which represent just compensation plus interest accrued since the 1984 deposit into the registry of the Court.

No party has asserted any objection to the claim of Rosemary B. Deutsch, and in fact, counsel for the United States acknowledged at the hearing on the present motions that the funds remaining in the registry of the Court are clearly directed at the Goldberg heirs, and that the chain of inheritance established by the evidence entitles Rosemary B. Deutsch to the funds.

## **RECOMMENDATION**

Based upon the uncontradicted record evidence and above stated facts and the lack of any objection to the requested relief by any party in this litigation, the undersigned recommends that:

1. The Court grant the motions filed by Rosemary B. Deutsch; and

2. The Court order the Clerk to issue a check payable to Rosemary B. Deutsch for all funds remaining on deposit in this case, and deliver same to her counsel of record, David C. Goff, Deutsch, Kerrigan & Stiles, LLP, 2510 14th Street, Suite 1001, Gulfport, MS 39501.

### NOTICE OF RIGHT TO APPEAL/OBJECT

Under Rule 72(a)(3), *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, a party has 14 days after being served a copy of this Report and Recommendation to serve and file written objections to the Report and Recommendation. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned District Judge. Within seven days of service of the objection, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objection. An objecting party must specifically identify the findings, conclusions, and recommendations to which he/she objects; the District Court need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within 14 days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he/she did not object. *Douglass v. United Services Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 8th day of July, 2015.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE